Debra WHITAKER, Plaintiff
and Appellant,

v.

Nick NIKOLS, John Nikols and Mary
Nikols, Defendants and Respondents.

No. 18514.

Supreme Court of Utah.

Jan. 30, 1985.

Eric P. Hartman, James E. Hawkes, Salt
Lake City, for plaintiff and appellant.

H. Wayne Wadsworth, Salt Lake City,
for defendants and respondents.

HALL, Chief Justice:

Plaintiff Debra Whitaker appeals a directed verdict in favor of defendants John
and Mary Nikols and a judgment of no
cause of action against defendant Nick Nikols. Plaintiff had sued defendants, claiming damages for intentional infliction of
personal injury by Nick Nikols. We reverse.

Nick Nikols managed the Coachman's
Inn, a restaurant owned by his parents,
John and Mary Nikols. On January 20,
1979, plaintiff received an injury while at
work as a waitress at the Inn. Plaintiff
claimed that when she reported her injury
to Nick Nikols, he took her arm and gave it

a violent pull and twist, causing plaintiff's wrist to break and damage to the soft nerve tissue in her hand. Plaintiff sought recovery for her injury, alleging that Nick Nikols intentionally inflicted the damage and that Mary and John Nikols should be liable to plaintiff as well under the doctrine of *respondeat superior.*

On February 14, 1980, plaintiff served defendants with a request for admissions. Defendants failed to respond. On June 4, 1980, plaintiff moved for summary judgment on the basis that, under Utah R.Civ.P. 36(a), all the facts contained in the request for admissions were deemed admitted when defendants failed to answer after thirty days. Partial summary judgment was granted on the issue of liability.

On September 16, 1980, defendants made a motion to set aside the order of partial summary judgment, relying on Utah R.Civ.P. 60(b). The motion was supported by affidavits of all three defendants asserting that they were unaware of the unanswered request for admissions because their counsel had withdrawn from the case, at defendants' request, the day before the request was received and defendants had not obtained new counsel. The trial court set aside the summary judgment.[1]

On October 28, 1980, counsel for defendants again withdrew from the case. Current counsel for defendants filed notice of his appearance on October 30. Counsel for plaintiff advised counsel for defendants, as a matter of courtesy, that a request for admissions had previously been filed and was unanswered. Plaintiff requested defendants to file answers. No answers were filed, and no motion to withdraw or amend the admissions pursuant to Utah R.Civ.P. 36(b) was ever made by defendants.

At the commencement of trial on March 29, 1982, plaintiff moved the trial court for an order granting summary judgment on the issue of liability based on defendants' failure to answer plaintiff's request for admissions. The motion was denied, and the trial proceeded. At the conclusion of the evidence, the court gave a directed verdict in favor of John and Mary Nikols. A judgment of no cause of action was granted in favor of Nick Nikols.

Plaintiff appeals both the directed verdict and the judgment of no cause of action, contending, among other things,[2] that under Utah R.Civ.P. 36(a), her request for admissions should have been deemed admitted since defendants did not answer them within thirty days after they were served.

Utah R.Civ.P. 36(a) states:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter signed by the party or by his attorney

. . . .

■ This Court has consistently held that the matters contained in a plaintiff's request for admissions are deemed admitted when a defendant fails to answer or object within thirty days after service.[3]

■ Rule 36(b) provides that those matters deemed admitted are conclusively established as true, unless the trial court on motion by defendants permits withdrawal or amendment of the admissions.[4] The trial court has the discretion to permit withdrawal or amendment of the admissions when the presentation of the merits of the action will be subserved and the party obtaining the admissions fails to satisfy the

---

1. Apparently on the ground of excusable neglect.

2. Plaintiff raises several other points on appeal. In light of our resolution of the case, we need not reach those issues.

3. *Schmitt v. Billings,* Utah, 600 P.2d 516, 519 (1979); *W.W. & W.B. Gardner, Inc. v. Park West Village, Inc.,* Utah, 568 P.2d 734, 736 (1977).

4. *Id.*

court that he will be prejudiced in maintaining his action.[5]

Defendants neither responded to the request for admissions nor applied to the trial court for an extension of time as is permitted under Rule 36(a). Defendants also did not move to withdraw or amend the admissions pursuant to Rule 36(b).

 Defendants argue that the order setting aside summary judgment pursuant to Rule 60(b) relieved defendants of the legal failure to answer the request. This argument has no merit. Rule 60(b) allows a final judgment to be set aside where the moving party can show inadvertence or excusable neglect. It does not provide that as part of the order setting aside the judgment any admissions are also set aside. Those matters are covered exclusively by a motion made as provided by Rule 36(b).

However, even if we were to assume that the trial court's order setting aside the summary judgment also set aside the admissions, defendants' argument would fail. Following the order setting aside the partial summary judgment, counsel for plaintiff advised counsel for defendants, as a matter of courtesy, that a request for admissions had been made and requested that defendants file answers. Defendants did not do so then or at any time during the subsequent year and one-half preceding the trial in this matter. At the trial, plaintiff properly moved the trial court for an order granting summary judgment on the issue of liability based on defendants' failure to answer plaintiff's request for admissions.

 Therefore, since there is nothing in the record that would excuse defendants from the effects of Rule 36(b), the matters contained in plaintiff's request for admissions are conclusively deemed admitted.

 Those matters deemed admitted include: each defendant is the agent of each other defendant and liable for the acts committed by any one of the other defendants within the scope of the relationship; plaintiff's wrist was broken by the intentional,

willful, and malicious action of Nick Nikols; and plaintiff has suffered injury as the direct and proximate result of Nick Nikols' intentional act, for which she is entitled to damages. Defendants' liability has therefore been established as a result of the admissions.

The judgment of the trial court is reversed, and the matter is remanded to the trial court for trial on the amount of damages.

STEWART, HOWE and DURHAM, JJ., and DOUGLAS L. CORNABY, District Judge, concur.

ZIMMERMAN, J., having disqualified himself, does not participate herein; CORNABY, District Judge, sat.

---

**5.** *Massey v. Haupt,* Utah, 632 P.2d 824, 826 (1981).