David G. JENSEN, Plaintiff
and Appellant,

v.

PIONEER DODGE CENTER, INC., a
corporation, et al., Defendants and
Respondents.

No. 18740.

Supreme Court of Utah.

May 30, 1985.

Rehearing Denied July 15, 1985.

David S. Cook, Bountiful, for plaintiff and appellant.

Robert Ryberg, Salt Lake City, for defendants and respondents.

HALL, Chief Justice:

Plaintiff appeals from portions of a judgment that dismissed his claims under the Utah Consumer Sales Practices Act, U.C.A., 1953, §§ 13–11–1 to –23 (Supp. 1983), and the Utah Uniform Consumer Credit Code, U.C.A., 1953, §§ 70B–1–101 to –11–105 (1980 ed. & Supp. 1983), and that denied him punitive damages for defendants' conversion of his car.

On March 10, 1980, plaintiff Jensen agreed to buy a used Dodge Colt from defendant Pioneer Dodge Center, Inc. The car had been badly damaged in an accident, and defendant had promised repair and delivery to plaintiff within a reasonable time. Plaintiff signed a disclaimer stating that the car was sold "as is." He also signed a "Vehicle Buyer's Order" reciting that the car was "to be delivered on or about 3/10/80" and that it was "sold as equipped except car must drive out properly." The next day plaintiff signed two "Retail Installment Contracts" both reciting "delivery and acceptance" of the car. None of the written agreements mentioned the promised repairs or specified a date for the repairs' completion. Under each of the written agreements, plaintiff immediately assumed the obligation to insure the car and began to incur interest charges on the price of the car, plus miscellaneous other charges, less the down payment. Each of the agreements contained a credit disclosure statement that was substantially the same as the others, except that the final contract reflected a lower interest rate. The vehicle buyer's order showed a lower "cash price" than the other contracts, which added a sales tax of $140.13 to the "cash price." Plaintiff was unable to immediately make the down payment, and it was agreed that defendant would hold title to his Mustang until he brought in the down payment. Nothing was stated in any of the written agreements about the Mustang.

Defendant failed to repair the Colt within a reasonable time. Plaintiff notified defendant that he wished to rescind the sale. Defendant insisted that plaintiff was obligated for at least the down payment. When plaintiff refused to make the down payment, defendant took possession of the Mustang.

On May 15, 1980, plaintiff filed a complaint against defendant and on August 18, 1980, served a request for admissions, a request for production of documents, and interrogatories on defendant. On November 3, 1980, plaintiff moved for summary judgment, claiming that no genuine issue of material fact existed, since, pursuant to Utah R.Civ.P. 36(a), the defendant's failure to respond to the matters contained in plaintiff's request for admissions were deemed admitted when they were not answered within 30 days. Plaintiff also moved for judgment by default or for an order compelling discovery based on defendant's failure to respond to the request for production and the interrogatories. At the hearing on plaintiff's motions on November 10, 1980, defendant filed answers to the request for admissions and responses to the request for production of documents and the interrogatories. The court continued the hearing without date on plaintiff's motion for summary judgment. On November 18, 1981, plaintiff noticed for hearing his previous motion for summary judgment based on Rule 36(a) and again moved for judgment by default, claiming that defendant's responses to the interrogatories were inadequate. On December 11, 1981, the court denied both motions. On December 16, plaintiff filed notice of his intent to appeal the denial of his motion for summary judgment. Plaintiff also moved to compel discovery, which motion was granted. Defendant filed supplemental responses to the interrogatories in January, 1982.

After trial, the court found that defendant had breached the purchase agreement by failing to repair the Colt in a reasonable

·time and that defendant's possession of the Mustang was wrongful. The court also found that defendant acted in a good faith belief it had the legal right to take the Mustang and that defendant did not act unconscionably, willfully, or maliciously. The court granted judgment to plaintiff for the value of the Mustang and its contents, dismissed defendant's counterclaim for a deficiency on the resale of the Colt, and dismissed plaintiff's remaining claims.

Plaintiff appeals, contending among other things [1] that under Rule 36(a), the matters contained in his request for admissions should have been deemed admitted and his motion for summary judgment granted. Defendant does not respond to this argument in any fashion. It neither raises a defense for failure to answer nor acknowledges the effect upon the case of the operation of Rule 36(a).

This Court has consistently held that, under Rule 36(a), the matters contained in a plaintiff's request for admissions are deemed admitted when a defendant fails to answer or object within 30 days after service of the request.[2]

Utah R.Civ.P. 36(b) provides that those matters deemed admitted are conclusively established as true unless the trial court, on motion by the defendant, permits withdrawal or amendment of the admissions.[3] The trial court has the discretion to permit withdrawal or amendment of admissions when the presentation of the merits of the action would be served and the party obtaining the admissions fails to satisfy the court that he will be prejudiced in maintaining his action.[4] The trial court does not have discretion to unilaterally disregard the admissions.

Defendant in this case responded to the request for admissions three months after the request was served by delivering the responses to plaintiff's counsel at the hearing on plaintiff's motion for summary judgment. There is no evidence in the record to show that defendant had at any time applied to the trial court for an extension of time to serve the answers as is permitted under Rule 36(a). Further, there is nothing to indicate that defendant objected to the form of the request for admissions or asked for a protective order under Utah R.Civ.P. 26(c).[5] Therefore, late filing of the answers was not excused, and the matters contained in the request for admissions were at that time conclusively deemed admitted unless the trial court, upon motion by defendant, permitted withdrawal or amendment of the admissions. There is nothing in the record to indicate that defendant moved to amend or withdraw the admissions. Therefore, the matters admitted under Rule 36(a) were deemed conclusively established ·under Rule 36(b) and should have been treated as such by the trial court.

Rule 36(a) by its express terms embraces only requests for admissions of fact or the application of law to fact. Therefore, a request for an admission of a pure matter of law is improper,[6] although a request for an admission of an ultimate fact or application of law to fact is proper.[7] However, even if a request is objectionable, if a party fails to object and fails to respond to the request, that party should be

1. Plaintiff raises several other points on appeal. In light of our resolution of the case, we need not reach those issues.

2. *Whitaker v. Nikols,* Utah, 699 P.2d 685 (1985); *Schmitt v. Billings,* Utah, 600 P.2d 516, 519 (1979); *W.W. & W.B. Gardner, Inc. v. Park West Village, Inc.,* Utah, 568 P.2d 734, 736–37 (1977).

3. *Id.*

4. *Nikols, supra* note 2, at 686; *Massey v. Haupt,* Utah, 632 P.2d 824, 826 (1981). *See generally* Annot., 8 A.L.R.4th 728 (1981).

5. An objection and a motion for a protective order are the proper means by which a request may be challenged. *See* 4A J. Moore, J. Lucas & D. Epstein, Moore's Federal Practice ¶ 36.04[7] (2d ed. 1948); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2262 (1970).

6. *See, e.g., Williams v. Krieger,* 61 F.R.D. 142 (S.D.N.Y.1973).

7. *See, e.g., Rome v. United States,* 450 F.Supp. 378, 383 (D.D.C.1978); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2256 (1970).

held to have admitted the matter.[8] Rule 36(b) so provides, except that the Rule also provides that the court may permit withdrawal or amendment of the admission when the presentation of the merits of the action will be subserved thereby.

Therefore, in this case, defendant is held to have admitted all of the matters contained in plaintiff's request for admissions. These include among others: defendant willfully and unlawfully converted plaintiff's property, resulting in damages of $50 per day to the date of judgment and further damages of $1,234.50, the fair market value of the property; defendant acted willfully and maliciously and for the purpose of harassing and punishing plaintiff; defendant's acts were unconscionable and in violation of section 13–11–5 of the Utah Consumer Sales Practices Act; plaintiff is entitled to reasonable attorney fees for prosecution of this action; defendant breached its obligations to plaintiff under sections 70B–2–301 and 70B–2–306(n) of the Utah Uniform Commercial Credit Code (UUCCC); plaintiff is entitled to recover from defendant twice the amount of the finance charge of $958.64, up to a maximum of $1,000; plaintiff is entitled to recover a penalty of $5,000 from defendant under section 70B–5–108 of the UUCCC; plaintiff properly rescinded the contract with defendant; and, finally, plaintiff was entitled to punitive damages.

■ It is the last of these admissions that requires the intervention of this Court as a matter of equity. Plaintiff's request asks defendant to admit that plaintiff is entitled to $100,000 in punitive damages. By operation of Rule 36(a) and (b), defendant is, therefore, deemed to have admitted that plaintiff is entitled to $100,000 in punitive damages. To allow this result to stand would be to allow technical considerations to prevail over substantial justice.[9] This Court cannot condone such a result.

■ Punitive damages must bear a reasonable relationship to actual damages.[10] Actual damages in this case, according to the admissions, amounted to $1,234.50 plus $50 per day. The relationship between that amount and $100,000 is grossly disproportionate. Further, other matters deemed admitted by defendant include the payment of a penalty under the UUCCC, in effect a punitive award.

In cases such as this, the Court has the option of remanding the case to the trial court for a new trial on the issue of punitive damages or ordering remission of a portion of the award.[11] The matters deemed admitted include no admissions concerning several of the factors which should be considered in determining the amount of the punitive damages award.[12] Therefore, the case is remanded to the trial court for a trial on the issue of punitive damages and entry of judgment according to the matters deemed admitted by defendant.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

**8.** See, e.g., Rutherford v. Bass Air Conditioning Co., 38 N.C.App. 630, 248 S.E.2d 887 (1978); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2259 (1970).

**9.** Krieger, supra note 6, at 144.

**10.** Bundy v. Century Equipment Co., Utah, 692 P.2d 754, 760 (1984); Cruz v. Montoya, Utah, 660 P.2d 723, 727 (1983).

**11.** See Bundy, supra note 10, at 760.

**12.** Bundy, supra note 10, at 759.