IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Capital One Bank, N.A., | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120121-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 7, 2012) |
| James D. Wall, | ) | |
| | ) | 2012 UT App 167 |
| Defendant and Appellant. | ) | |

-----

Second District, Farmington Department, 110701332
The Honorable Michael G. Allphin

Attorneys:     James D. Wall, Kaysville, Appellant Pro Se
                    Grady R. McNett, Draper, for Appellee

-----

Before Judges Davis, Thorne, and Roth.

¶1     James D. Wall appeals the district court's order granting Capital One Bank, N.A.'s motion for summary judgment. Wall asserts that Capital One's complaint should have been dismissed because it was not licensed to do business in the State of Utah. This matter is before the court on it's own motion for summary disposition on the basis that the grounds for review are so insubstantial as not to merit further proceedings and consideration by the court. Wall did not file a response to the motion.

¶2     On April 14, 2011, Wall filed a motion to dismiss Capital One's complaint "because the plaintiff has no legal standing in this state to do business and therefore has no standing to bring suits" in any Utah court. Capital One filed a response to the motion. However, neither Wall nor Capital One ever filed a request to submit the motion for decision pursuant to rule 7(d) of the Utah Rules of Civil Procedure. A few

months later, Capital One filed a motion for summary judgment, which was unopposed by Wall.  Capital One filed a notice to submit its motion for decision, and the motion was granted by the district court.

¶3     Rule 7 expressly states that "[i]f no party files a request, the motion will not be submitted for decision."  Utah R. Civ. P. 7(d).  The Utah Supreme Court has previously determined that if no party files a notice to submit a motion for decision, a party's motion and the arguments asserted therein are not "properly before the district court." *See Golding v. Ashley Cent. Irrigation Co.*, 902 P.2d 142, 148 (Utah 1995) (interpreting same language when the rule was included in the Utah Rules of Judicial Administration). Accordingly, the supreme court concluded that a district court does not err by refusing to address a motion that was never submitted for decision by a proper notice.  *See id.* Therefore, because Wall never filed a request to submit his motion for decision, the district court did not err in refusing to consider the argument.  Furthermore, because the issue was not properly raised in the district court, it is not properly preserved for appellate review.  *See State v. Briggs*, 2006 UT App 448, ¶ 4, 147 P.3d 969 (stating that claimed errors must be brought to the attention of the district court to give the court an opportunity to correct any error); *Holman v. Callister, Duncan & Nebeker*, 905 P.2d 895, 899 (Utah Ct. App. 1995) (stating that a litigant's failure to raise an issue with the district court fails to preserve the claim for appeal).

¶4     Accordingly, because Wall failed to preserve the issue of standing for appellate review and he has failed to raise any other substantial issues for review, we affirm.


_____
James Z. Davis, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge