2013 UT App 87

# THE UTAH COURT OF APPEALS

DISCOVER BANK,

*Plaintiff and Appellee,*

*v.*

KEVIN E. KENDALL,

*Defendant and Appellant.*

Memorandum Decision
No. 20120498-CA
Filed April 11, 2013

Second District, Farmington Department
The Honorable John R. Morris
No. 110707987

L. Miles LeBaron, Attorney for Appellant
Brent G. Messel, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and
J. FREDERIC VOROS JR. concurred.

CHRISTIANSEN, Judge:

¶1 Kevin E. Kendall appeals from the district court's grant of Discover Bank's motion for summary judgment. We reverse and remand for further proceedings consistent with this decision.

¶2 Discover Bank initiated this collection action against Kendall in November 2011. On December 6, 2011, Kendall served interrogatories, requests for admissions, and a request for production of documents on Discover Bank. Of Kendall's requests

for four admissions, the following addresses the heart of Discover Bank's case: "Admit that Kevin E. Kendall has paid off the account that you allege [he] owe[s] money on, and that he has fulfilled all of his contractual obligations to you." Discover Bank failed to respond within the twenty-eight-day time limit set forth in rule 36 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 36(a).[1] Subsequently, Kendall served Discover Bank with a motion to compel discovery and a rule 37(a) letter, attempting in good faith to confer with and obtain a response from Discover Bank. After Discover Bank still failed to respond, on February 22, 2012, Kendall served Discover Bank with a motion for summary judgment on the ground that all of the facts contained in the requests for admissions were deemed admitted because Discover Bank failed to respond within twenty-eight days.

¶3     On March 13, 2012, Discover Bank served Kendall with its discovery responses. On the same date, in its response to Kendall's motion for summary judgment, Discover Bank stated simply, "[Kendall]'s Motion is moot. [Discover Bank] has sent its discovery responses to counsel for [Kendall] on this date. Therefore, there is no relief for the Court to grant and the Motion should be dismissed." Discover Bank filed its own motion for summary judgment, presenting additional evidence disputing the veracity of Kendall's requests for admissions that he paid the amount due. Discover Bank subsequently filed a request to submit its motion for summary judgment for decision. On May 8, the district court granted summary judgment in favor of Discover Bank without stating the grounds for its decision and entered judgment for Discover Bank in the amount of $20,602 plus interest. On June 5, Kendall filed a request to submit his motion for summary

---

[1]Because the complaint was filed November 28, 2011, newly-amended rule 36 of the Utah Rules of Civil Procedure applies to this case. *See* Utah R. Civ. P. 1 advisory committee note (stating that the amended rule is effective only as to cases filed on or after November 1, 2011).

judgment for decision, and on June 7, he filed his notice of appeal on the court's grant of Discover Bank's motion for summary judgment. Due to Kendall's notice of appeal, the district court's denial of Kendall's motion for summary judgment is not in the record. Nevertheless, the court docket indicates that on June 21, the district court denied Kendall's motion as procedurally improper and moot because Kendall failed to submit it for decision prior to the court's entry of the ruling granting Discover Bank's motion for summary judgment. *See* Utah R. Civ. P. 7(d) ("[I]f no party files a request, the motion will not be submitted for decision.").

¶4     Kendall appeals the court's grant of Discover Bank's motion for summary judgment, contending that his requests for admissions should have been deemed admitted because Discover Bank did not respond to the requests within twenty-eight days and that the matters deemed admitted were conclusively established as true because Discover Bank never moved to amend or withdraw the admissions.[2] We agree.

¶5     Rule 36(b)(1) states, "The [truth of any discoverable] matter is admitted unless, within 28 days after service of the requests, the responding party serves upon the requesting party a written response." Utah R. Civ. P. 36(b)(1). Utah courts have repeatedly held that facts contained within requests for admissions are deemed admitted when they are not answered within the time prescribed in rule 36(a). *See, e.g.*, *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1061 (Utah 1998); *Jensen v. Pioneer Dodge Ctr.*, 702 P.2d 98, 100 (Utah 1985); *Kotter v. Kotter*, 2009 UT App 60, ¶¶ 16–17,

---

[2]As to his own motion for summary judgment, Kendall acknowledges that he failed to file a request to submit prior to the court's ruling granting Discover Bank's summary judgment motion and that he filed his notice of appeal before the district court entered its ruling on his motion. On appeal, Kendall suggests that this court instruct the district court to grant his motion on remand. We follow Kendall's suggestion. *See infra* ¶¶ 15–16.

206 P.3d 633; *Barnes v. Clarkson*, 2008 UT App 44, ¶ 11, 178 P.3d 930; *In re E.R.*, 2000 UT App 143, ¶ 13, 2 P.3d 948. "The rule does not say the court *may* admit the matter—it says '[t]he matter *is* admitted.' By simple operation of Rule 36(a), parties who ignore requests for admissions do so at their peril." *In re E.R.*, 2000 UT App 143, ¶ 11, (alteration in original) (quoting Utah R. Civ. P. 36(a)(2) (current version *id.* R. 36(b)(1))).

¶6    Discover Bank does not deny that it was over two months late in responding to Kendall's requests for admissions. Discover Bank also never requested an extension of time to serve its responses, and it never objected to the form of Kendall's requests as was permitted under the rule. *See* Utah R. Civ. P. 36(b)(2)–(3). Consequently, on January 4, 2012, twenty-eight days after Kendall served his requests, the matters in Kendall's "admissions [were] automatically established as true." *See Kotter*, 2009 UT App 60, ¶ 16.

¶7    At that juncture, Discover Bank could have moved the court to withdraw or amend the admissions. "Any matter admitted under this rule is conclusively established unless the court *on motion* permits withdrawal or amendment of the admission." Utah R. Civ. P. 36(c) (emphasis added). However, "the . . . court does not have discretion to unilaterally disregard the admissions." *Jensen*, 702 P.2d at 100. Assuming the party submitted a request to withdraw or amend the admission, "the court may permit withdrawal or amendment if the presentation of the merits of the action will be promoted and withdrawal or amendment will not prejudice the requesting party." Utah R. Civ. P. 36(c); *see also Langeland*, 952 P.2d at 1060–61 (explaining the two-step process for reviewing a district court's grant of a motion to withdraw or amend admissions).

¶8    However, at no time did Discover Bank move to withdraw or amend the admissions. In several factually similar cases, Utah courts have explicitly held that the matters admitted upon a party's failure to respond or object within the time permitted under the rule are conclusively established as true when that party also fails

to move the court to withdraw or amend the admissions. *See Jensen*, 702 P.2d at 100 (holding that where the defendant failed to respond or object to the requests for admissions within thirty days and where the defendant failed to move to amend or withdraw the admissions, the district court erred in not deeming those matters in the plaintiff's requests for admissions admitted and in denying plaintiff's motion for summary judgment based on rule 36(a)); *Whitaker v. Nikols*, 699 P.2d 685, 687 (Utah 1985) (same); *W.W. & W.B. Gardner, Inc. v. Park W. Vill., Inc.*, 568 P.2d 734, 736–37 (Utah 1977) (affirming the district court's summary judgment based on the matters deemed admitted by the defendant's failure to timely respond and failure to file a motion to withdraw or amend the admissions, noting that the defendant's affidavit in opposition to the motion for summary judgment, in which it denied the matters deemed admitted, did not constitute a motion to withdraw or amend); *Kotter*, 2009 UT App 60, ¶¶ 4–5, 18–20 (holding that the district court erred when it failed to consider matters deemed admitted in its alimony calculation where the wife failed to respond to husband's requests for admissions and failed to move to withdraw or amend them).

¶9 In *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058 (Utah 1998), unlike the above cases, the defendant moved to withdraw the admissions but did not do so until two weeks after the plaintiff filed a motion for summary judgment. *Id.* at 1060. The district court granted the motion to withdraw. *Id.* The supreme court reviewed the district court's grant of the defendant's motion to withdraw or amend the admissions under rule 36, ultimately holding that the defendant had failed to demonstrate that withdrawing or amending the admissions would preserve the presentation of the case on the merits and that the plaintiff had succeeded in demonstrating that withdrawing or amending the admissions would prejudice him. *Id.* at 1063–64; *see also* Utah R. Civ. P. 36(b) (current version *id.* R. 36(c)). But the court also cautioned that

> it is by no means clear that the motion should have
> been granted even if the requirements of rule 36(b)

had been met. Litigation must come to an end sometime, and the rules of procedure are intended to provide an orderly schedule for moving cases along their track to conclusion—not to squander legal, judicial, and financial resources by generating lawsuits within lawsuits to determine whether the rules must actually be followed. Consequently, the court will not come to the rescue of a party who flagrantly ignores these rules at the expense of a party who attempts to conform with them.

*Langeland*, 952 P.2d at 1064. Similarly, in *Mercado v. Hill*, 2012 UT App 44, 273 P.3d 385, the defendants served requests for admissions to which the plaintiff failed to respond. *See id.* ¶¶ 3–4. The defendants filed motions for summary judgment, and the plaintiff moved to withdraw the admissions but only after the court granted summary judgment. *Id.* This court concluded that the district court did not abuse its discretion by denying the plaintiff's motion to withdraw due to the plaintiff's "pattern of inaction, delay, nonresponsiveness, and failure to notify the court and opposing counsel of multiple address changes." *Id.* ¶ 10.

¶10     Here, as we stated, Discover Bank never filed a motion to withdraw or amend the admissions pursuant to rule 36. Accordingly, the matters in Kendall's requests for admissions are conclusively established as true. *See* Utah R. Civ. P. 36(c). We reiterate this point because Discover Bank's brief glosses over the fact that it never filed such a motion and instead argues that the district court did not abuse its discretion granting its summary judgment based on the two-step process set forth in *Langeland*. *See generally* 952 P.2d at 1060–61 ; *see also* Utah R. Civ. P. 36(c). Discover Bank alternatively argues that its "fully briefed motion for summary judgment was, in substance, a motion to withdraw the admission in issue because the motion 'clearly outlined the parties' respective positions.'" (Quoting *Brunetti v. Mascaro*, 854 P.2d 555, 558 (Utah Ct. App. 1993), *abrogated on other grounds by Gillett v.*

*Price*, 2006 UT 24, ¶ 8, 135 P.3d 861.) Discover Bank's argument is not persuasive.

¶11    In *Brunetti*, the defendant did not respond to the plaintiff's requests for admissions, and the plaintiff filed a motion for summary judgment based on the defendant's failure to respond. *Id.* at 556. At that point, in his opposition to the motion for summary judgment, the defendant argued that the admissions should not be deemed admitted because the requests had not been validly served and that his failure to respond was a "reasonable oversight." *Id.* The district court construed the defendant's opposition as a motion to withdraw or amend the admissions and denied the plaintiff's motion for summary judgment. *Id.*

¶12    This court affirmed, holding that the district court correctly "look[ed] to the substance of [the] document[] and not merely to its caption" and, "although the trial court did not have a per se motion to withdraw before it, its denial of [the plaintiff's] motion constituted authorization for such withdrawal." *Id.* at 558. The court distinguished *Whitaker v. Nikols*, 699 P.2d 685 (Utah 1985) and *Jensen v. Pioneer Dodge Ctr.*, 702 P.2d 98 (Utah 1985). *Id.* In those cases, "there was nothing in the record to indicate that the party opposing the admissions had made any attempt to withdraw or amend the said admissions," whereas in *Brunetti*, "all of the documents before the . . . court on [the plaintiff]'s motion for summary judgment solely and specifically addressed the issue of whether the requested admissions should be admitted or withdrawn, and the . . . court denied [the plaintiff]'s motion precisely on the basis of the arguments in those documents." *Id.* at 559 (citing *Jensen*, 702 P.2d at 100; *Whitaker*, 699 P.2d at 687).

¶13    The facts of the case at hand are quite unlike those in *Brunetti*. Here, Discover Bank never raised any argument below even remotely supporting a reason to withdraw or amend the admissions. In its opposition to Kendall's motion for summary judgment, Discover Bank responded with three curt sentences: "[Kendall]'s Motion is moot. [Discover Bank] has sent its discovery

responses to counsel for [Kendall] on this date. Therefore, there is no relief for the Court to grant and the Motion should be dismissed." And, in its own motion for summary judgment, Discover Bank merely argued its own evidence. Discover Bank's first attempt to withdraw the admissions is now, in response to Kendall's appeal.

¶14 Thus, we determine that none of Discover Bank's actions in the proceedings below constituted a request for the withdrawal or amendment of the admissions. "Requests for admission must be taken seriously, and answers or objections must be served promptly. The penalty for delay or abuse is intentionally harsh, and parties who fail to comply with the procedural requirements of rule 36 should not lightly escape the consequences of the rule." *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1061 (Utah 1998). Because the matters in Kendall's admissions were conclusively established as true, the district court erred in granting summary judgment in favor of Discover Bank.

¶15 We agree with the district court's refusal to consider Kendall's motion for summary judgment at the time it considered Discover Bank's motion for summary judgment because Kendall's motion was not properly submitted for decision under rule 7(d). And we agree that, at the time, Kendall's notice of appeal mooted his pending motion for summary judgment, though he ultimately did submit his motion for decision prior to filing his notice of appeal. As a result, Kendall has not preserved for appeal any challenge to the district court's ruling on his own motion for summary judgment. *See Capital One Bank, NA v. Wall*, 2012 UT App 167, ¶ 3, 282 P.3d 1019 (per curiam). However, on remand, Kendall's motion for summary judgment is no longer moot based on our conclusion that the district court erred in granting Discover Bank's motion for summary judgment. Accordingly, we remand with specific instruction to the district court to grant Kendall's motion for summary judgment.

¶16    We reverse the district court's grant of summary judgment to Discover Bank and instruct the district court on remand to grant Kendall's motion for summary judgment in light of this memorandum decision.

————