# IN THE SUPREME COURT OF THE STATE OF NEVADA

LA'SHAE NORTHINGTON,
INDIVIDUALLY, AND AS
ADMINISTRATOR OF THE ESTATE
OF SARIAH SHEPPARDS,
          Appellant,
          vs.
JESSE ALLEN BENNETT; CITY OF
SPARKS; AND CITY OF RENO,
          Respondents.

No. 84727

FILED

OCT 24 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a motion to dismiss. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

When initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. In particular, it appeared that the challenged order is not appealable as a final judgment under NRAP 3A(b)(1) as asserted by appellant in the docketing statement because appellant's claims against Jesse Allen Bennett and City of Reno remain pending in the district court. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) ("[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs."). It also appeared that no other statute or court rule authorized an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC,* 129 Nev. 343, 345, 301 P.3d

SUPREME COURT
OF
NEVADA

(O) 1947A

22-33382

850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule").

In response, appellant acknowledged that the notice of appeal was prematurely filed before entry of a final judgment and explained that she attempted to correct the jurisdictional defect by moving the district court to certify the challenged order as final under NRCP 54(b). However, the district court did not rule on the motion. The district court entered an order indicating that it lacked jurisdiction due to the filing of the notice of appeal and staying the district court case pending resolution of this appeal. This court treated appellant's response as a motion for an extension of time to file a response and granted the motion. This court noted that a prematurely filed notice of appeal does not divest the district court of jurisdiction, NRAP 4(a)(6), and directed appellant to provide this court with a file-stamped copy of any district court order certifying the challenged order as final under NRCP 54(b).

Appellant has now filed a second response to the order to show cause. Appellant explains that she re-filed her motion for NRCP 54(b) certification as well as a motion to set aside the stay but the district court has taken no action on the motions. Appellant requests an additional 60-day extension of time for the district court to consider and rule on the motion for NRCP 54(b) certification. Alternatively, if the district court does not rule on the motion, appellant states she intends to file a petition for a writ of mandamus seeking an order directing the district court to rule on the motion.

Under the circumstances presented here, this court declines to grant an additional extension of time. Because the district court has not yet entered a final judgment appealable under NRAP 3A(b)(1), and it does

 

not appear that any other statute or court rule permits an appeal from the challenged order, this court lacks jurisdiction and dismisses this appeal. Appellant may file a new notice of appeal, if aggrieved, once the district court enters a final judgment or an otherwise appealable order.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Scott N. Freeman, District Judge
       Arias Sanguinetti Stahle Torrijos, LLP/Las Vegas
       Sparks City Attorney
       Jesse Allen Bennett
       Reno City Attorney
       Washoe District Court Clerk