**2015 UT App 262**

## THE UTAH COURT OF APPEALS

REGGIE LEWIS,
Plaintiff and Appellee,
*v.*
RODNEY NELSON,
Defendant and Appellant.

Opinion
No. 20141086-CA
Filed October 29, 2015

Fifth District Court, St. George Department
The Honorable G. Michael Westfall
The Honorable James L. Shumate
No. 120500402

Charles A. Schultz, Attorney for Appellant

Penrod W. Keith and Elijah L. Milne, Attorneys
for Appellee

JUDGE JAMES Z. DAVIS authored this Opinion, in which JUDGES
GREGORY K. ORME and KATE A. TOOMEY concurred.

DAVIS, Judge:

¶1    Rodney Nelson appeals from the trial court's grant of summary judgment in favor of Reggie Lewis. We reverse and remand.

### BACKGROUND

¶2    Nelson negotiated to purchase Lewis's right to operate a Nutty Guys supply route. Nelson began making payments to Lewis and had paid approximately $11,000 before he ceased making payments. Lewis eventually brought suit against Nelson for breach of contract and, alternatively, unjust enrichment, seeking $15,020 in damages.

¶3    Lewis submitted a discovery request consisting of thirty requests for admission, thirteen interrogatories, and thirteen requests for production of documents. Nelson objected to the discovery request, arguing that the request was not proportional under rule 26(b)(2)(A)–(E) of the Utah Rules of Civil Procedure. Lewis replied to Nelson's objections by explaining his need for the discovery and the proportionality of his request. The trial court overruled Nelson's objections, stating, "[Nelson] must answer/respond to all discovery by 27 Jun [2013]."

¶4    Nelson subsequently responded. His response mirrored the structure of Lewis's request by including headings of each of the three types of discovery sought—admissions, interrogatories, and production of documents. Under the appropriate heading, he retyped Lewis's first five requests for admission and first five requests for production and provided his answer to each of those items. He answered only requests one through five of Lewis's requested admissions and one through five of the requested production of documents. Nelson did not include the text for Lewis's requests for admission numbered six through thirty or provide an answer to those requests. Nor did he do so for numbers six through thirteen of Lewis's remaining requests for production. Likewise, under the "Interrogatories" heading on Nelson's response, he wrote, "I decline to respond to any interrogatories, as no interrogatories are permitted in a tier 1 case under the provisions of Rule 26(c)(5) URCP." *See* Utah R. Civ. P. 26(c)(5) (describing a tier 1 case as a case in which $50,000 or less is at stake and describing the standard discovery for each side in a tier 1 case as limited to five requests for production, five requests for admission, and zero interrogatories).

¶5    Lewis moved for summary judgment, noting, "The Court ordered Nelson to answer all of Lewis's discovery requests by June 27, 2013. Nelson has never responded to Lewis's requests for admission nos. 5 through 30. Accordingly, all such requests for admission are now automatically deemed admitted." (Citing Utah R. Civ. P. 36(b)(1) (providing that requests for admission

are "admitted unless . . . the responding party serves upon the requesting party a written response").)

¶6    In his memorandum opposing summary judgment, Nelson contended that the trial court ordered him "to answer Lewis's discovery requests in accordance with URCP 26(c)(5) that place this as a Tier 1 case"[1] and that "Nelson responded to the first five requests for admission in accordance with the Court's order." During the hearing on summary judgment, Nelson reiterated his argument that he was not required to answer Lewis's discovery request to the extent the request exceeded the Tier 1 limits. The trial court granted Lewis's summary judgment motion, implicitly accepting Lewis's fact statements as undisputed and rejecting Nelson's rule 26(c)(5) argument.

¶7    Nelson subsequently moved to alter or amend the summary judgment order, arguing, among other things, that he adequately disputed the issues of material fact to preclude summary judgment. The trial court denied the motion, noting,

> The fact that [Lewis] may have exceeded the number of requests for admission set forth under URCP 26(c)(5) for a Tier 1 case does not justify [Nelson's] apparent decision to ignore the requests and hope for the best; rather, [Nelson] should have objected or otherwise sought the Court's intervention on the discovery dispute prior to summary judgment.

Nelson appeals.

---

1. The court did not explicitly order Nelson to answer Lewis's discovery request according to rule 26(c)(5).

ISSUE AND STANDARD OF REVIEW

¶8     Nelson argues that the trial court erred in its interpretation and application of rule 26(c)(5).[2] "The trial court's interpretation of the rules of civil procedure presents a question of law which we review for correctness." *Nunley v. Westates Casing Servs., Inc.*, 1999 UT 100, ¶ 42, 989 P.2d 1077.

ANALYSIS

¶9     Nelson contends that his refusal to respond to the majority of Lewis's requests for admission does not render the unanswered requests admitted. Nelson argues that, because Lewis's request exceeded the standard discovery permitted in Tier 1 cases under rule 26(c)(5) of the Utah Rules of Civil Procedure and because Lewis never sought court permission or a stipulation entitling him to extraordinary discovery, the trial court erred by accepting the unanswered portion of Lewis's discovery request as admitted. We agree.

¶10    Rule 26 was amended in 2011 to, among other things, incorporate a tiered system by which standard discovery is limited in proportion to the amount in controversy. *See* Utah R. Civ. P. 26(c)(5) & advisory committee note to 2011 amendment.

---

2. Nelson raises several other arguments on appeal pertaining to the trial court's summary judgment ruling. Given our resolution of the rule 26 issue, we need not address these other issues. Nelson also challenges the trial court's dismissal with prejudice of his request for leave to file a counterclaim. This issue is not adequately briefed, and we accordingly do not consider it on appeal. *See* Utah R. App. P. 24(a)(9). This decision on our part is without prejudice to the prerogative of the trial court to reconsider the dismissal in view of our reversal of the summary judgment and our remand for further proceedings.

In a Tier 1 case, which involves $50,000 or less in damages, standard discovery for each side is limited to, among other things, five requests for admission, five requests for production, and no interrogatories. *Id.* R. 26(c)(3), (c)(5). The standard discovery permitted in each tier constitutes the entirety of the discovery a "part[y] may conduct as a matter of right." *Id.* R. 26(c) advisory committee note to 2011 amendment.

¶11 Nonetheless, the rule contemplates that "there will be some cases for which standard discovery is not sufficient or appropriate." *Id.* There are two ways by which a party can obtain "extraordinary discovery," i.e., "discovery beyond the limits established in paragraph (c)(5)." *Id.* R. 26(c)(6). A party can obtain extraordinary discovery either by filing a written stipulation or by filing a request for extraordinary discovery with the trial court. *Id.* In both situations, there are various conditions the party seeking additional discovery must meet related to the timing of the filing and the contents of the filing. *See id.* R. 26(c)(6) & advisory committee note to 2011 amendment. While the rule also suggests that a trial court does not have discretion to reject properly submitted stipulations for additional discovery, *see id.*, it is apparent that a party's access to extraordinary discovery is not automatic, nor can a court's grant of extraordinary discovery be implicit.

¶12 Here, Lewis's discovery requests were clearly extraordinary; Lewis's thirty requests for admission, thirteen requests for production, and thirteen interrogatories plainly exceeded the scope of this Tier 1 case under rule 26(c)(5). And Lewis neither obtained Nelson's stipulation to extraordinary discovery beyond what is permitted by rule 26(c)(5) nor submitted a statement of discovery issues to seek extraordinary discovery. Thus, Lewis was entitled to only the standard discovery permitted in a Tier 1 case—five requests for admission, five requests for production, and no interrogatories. *See id.* R. 26(c)(5) (also addressing limits to discovery by

deposition and the time parties have to complete standard fact discovery).

¶13    The trial court nevertheless stated in its ruling on Nelson's motion to amend,

> The fact that [Lewis] may have exceeded the number of requests for admission set forth under URCP 26(c)(5) for a Tier 1 case does not justify [Nelson's] apparent decision to ignore the requests and hope for the best; rather, [Nelson] should have objected or otherwise sought the Court's intervention on the discovery dispute prior to summary judgment.

It is true that Utah courts have previously held that "[w]hen requests for admissions are properly served, and no written answer or objection has been submitted, the result is automatic—the requests for admissions, as a matter of law, are deemed admitted by simple operation of . . . rule [36 of the Utah Rules of Civil Procedure]." *In re E.R.*, 2000 UT App 143, ¶ 10, 2 P.3d 948; *see also* Utah R. Civ. P. 36(b)(1) ("The matter is admitted unless, within 28 days after service of the request, the responding party serves upon the requesting party a written response."). And our application of this principle has historically required the party opposing the admission to affirmatively object in order to avoid automatic admission of the requested information. *See, e.g.*, *Kotter v. Kotter*, 2009 UT App 60, ¶ 18, 206 P.3d 633.

¶14    However, the 2011 amendment to rule 26 works a major change in the protocol previously in effect and obviates the responding party's obligation to object to the requests for admission on rule 26(c)(5) grounds. To require otherwise would turn the amended rule 26 on its head. The rule now explicitly places the burden on the party *seeking* additional discovery to do so in the prescribed manner. *See* Utah R. Civ. P. 26(c)(6); *see also id.* advisory committee note to 2011 amendment ("The

requesting party *must* demonstrate that the additional discovery is proportional and certify that the party has reviewed and approved a discovery budget. The burden to show the need for additional discovery, and to demonstrate relevance and proportionality, *always* falls on the party seeking additional discovery." (emphases added)).

¶15    Lewis was not entitled to extraordinary discovery. And Nelson twice objected to Lewis's discovery requests; first, on proportionality grounds and again, albeit indirectly, on rule 26(c)(5) grounds in his discovery response, which was not Nelson's burden under the amended rule. As a result, Nelson's failure to answer the portion of Lewis's request that exceeded the Tier 1 limits did not trigger an automatic admission of the requested information under rule 36.[3] While the trial court's ruling would have been appropriate prior to the 2011 amendment, under the new version of the rule, the court erred in treating the remainder of Lewis's requests for admission as admitted under rule 36.

¶16    Lewis argues that even if the trial court erred by treating the unanswered requests for admission as admitted, he was still entitled to summary judgment because Nelson failed to

---

3. We recognize that Nelson arguably disobeyed the trial court's order that he "answer/respond to *all* discovery" when he responded to the portion of Lewis's discovery he deemed appropriate under rule 26(c)(5). (Emphasis added.) Likewise, we recognize that Lewis arguably should be permitted to select which five requests for admission and production that Nelson is required to respond to under the Tier 1 rules. We do not intend our decision in this case to condone a party's failure to strictly follow trial court orders, nor do we intend this opinion to stand for the proposition that when a party propounds excessive discovery requests, only the first "x" number are necessarily properly propounded and the rest waived.

adequately dispute the material issues of fact. He argues that Nelson did not dispute "the fact that [he] agreed to purchase, and Lewis agreed to sell, the right to operate the [Nutty Guys supply route] in accordance with the terms" in an unsigned agreement or "that the parties orally agreed that the terms in the [unsigned agreement] would govern" the transaction. This is simply not true. Nelson repeatedly rejected the accuracy of the unsigned agreement referenced by Lewis and asserted that the parties signed a handwritten contract containing the basic terms of their agreement, that Lewis retained the only copy of the handwritten document, that Lewis later presented Nelson with a new contract containing different terms than the handwritten agreement, and that Nelson did not sign the new contract or orally agree to its terms. Accordingly, Nelson adequately disputed the material issues of fact in his summary judgment filings, pleadings, and response to Lewis's discovery request to preclude the trial court's entry of summary judgment in favor of Lewis. *See generally* Utah R. Civ. P. 56(c).

CONCLUSION

¶17   Lewis was not entitled to extraordinary discovery because he failed to follow the procedures outlined in rule 26. As a result, Nelson's failure to answer the portion of Lewis's request that exceeded the Tier 1 limits did not trigger an automatic admission of the requested information under rule 36, and the trial court erred in treating the unanswered portion of Lewis's discovery request as admitted for summary judgment purposes. Accordingly, genuine issues of material fact exist that preclude summary judgment. We reverse the trial court's ruling and remand for further proceedings in accordance with this decision.

———