2018 UT App 85

# THE UTAH COURT OF APPEALS

NPEC LLC, FLUENT HOME LLC, JACK ELBAUM, GRAHAM WOOD,
AND KRISTI BETTRIDGE,
Appellees,
*v.*
GREGORY RYAN MILLER,
Appellant.

Per Curiam Opinion
No. 20170635-CA
Filed May 10, 2018

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 130905131

Gregory Ryan Miller, Appellant Pro Se

Evan S. Strassberg and Melinda A. Morgan,
Attorneys for Appellees

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1    Gregory Ryan Miller appeals the Final Order Granting
Motion to Dismiss with Prejudice, entered on July 21, 2017. This
order dismissed his complaint in *Miller v. Fluent Home*, district
court case number 170902164 (the 2017 lawsuit). That 2017
lawsuit was consolidated with *NPEC v. Miller*, district court case
number 130905131, which was the subject of an appeal in case
number 20160494-CA (the first appeal).[1] Despite this court's

---

1. This court implemented procedures adopted in *D'Aston v.
D'Aston*, 790 P.2d 590 (Utah Ct. App. 1990), which the Utah
Supreme Court later adopted in *Hentsch Henchoz & Cie v. Gubbay*,

(continued…)

dismissal with prejudice of Miller's first appeal, his second appeal, case number 20170635-CA, repeats challenges to the same district court orders that were the subject of his first appeal and were dismissed with prejudice. We affirm.

¶2 When Miller filed his first appeal, he was in contempt of the district court's orders. In a July 20, 2016 order, this court stayed the first appeal for ninety days to allow Miller to comply with the requirements of the district court's orders or to obtain a stay of those orders. Based upon Miller's failure to take the required steps to resolve his contempt despite being given an opportunity to do so, we dismissed the first appeal with prejudice on November 18, 2016. Roughly six months after our dismissal of his first appeal, Miller filed the 2017 lawsuit, repeating claims that the Settlement Agreement (the Agreement) that resolved *NPEC v. Miller* was void and adding claims for malicious prosecution and defamation.[2] The district court consolidated the 2017 lawsuit with *NPEC v. Miller*.[3] On July 21, 2017, the district court dismissed the 2017 lawsuit for failure to state a claim. This second appeal followed.

---

(…continued)
2004 UT 64, 97 P.3d 1283, stating that an appellate court, "in its discretion, may dismiss the appeals of appellants who have willfully disobeyed an order of a lower court in the same action." *Id.* ¶ 16. "Such authority is indispensable since it would violate the principles of justice to allow a party who flaunts the orders of the courts to seek judicial assistance on appeal." *Id.* (quotation simplified).

2. The complaint is not included in the record, and Miller did not move to supplement the record with it.

3. Although that case had been resolved and unsuccessfully appealed, there were ongoing proceedings in the district court related to enforcement of the Agreement and Miller's ongoing contempt of the district court's orders.

¶3    In the July 21, 2017 dismissal order, the district court ruled that all claims in the 2017 lawsuit, other than malicious prosecution, were barred by claim preclusion because these claims were raised in *NPEC v. Miller* and dismissed with prejudice by the district court in 2015. The district court also concluded that Miller's defamation claim included no claim "that would not be, on its face, barred by the one year statute of limitations." The district court also ruled that the malicious prosecution claim, which related to criminal proceedings for breach of a civil stalking injunction obtained by an NPEC employee, was barred by issue preclusion. In addition, the district court ruled that Miller had the opportunity to raise any claims that factual misrepresentations were the basis for the civil stalking injunction within the same civil proceeding that resulted in its issuance. Miller did not prevail in the civil stalking injunction proceeding and did not file an appeal. Thus, the district court concluded that findings made in connection with the civil stalking proceeding were binding on Miller and that he was not permitted to challenge them in the 2017 lawsuit.

¶4    Miller's second appeal does not address the substance of the order dismissing the 2017 lawsuit or NPEC's successful arguments in support of that dismissal. Miller instead challenges the same 2015 and 2016 orders that he appealed in his first appeal and raises substantially the same arguments that he raised in his first appeal. None of Miller's arguments specifically challenge actions occurring after the dismissal of his first appeal. Instead, Miller simply filed a new lawsuit to renew his arguments regarding the validity of the Agreement and the district court's orders enforcing it. Miller raises the following issues in his second appeal: (1) "Whether the district court correctly interpreted the relevant statutes in finding dissolved NPEC eligible to sue Miller and enter a Settlement Agreement with him"; (2) "Whether dissolved NPEC had standing to sue Miller or enter an enforceable Settlement Agreement with him"; and (3) "Whether the district court correctly interpreted the relevant common law in finding expired NPEC eligible to sue Miller and enter into a Settlement Agreement with him." Of

course, the 2017 lawsuit was initiated by Miller, not NPEC. He argues in the second appeal that this court "should reverse the district court's Final Order Granting Motion to Dismiss with Prejudice *and vacate all district court orders entered under case no. 130905131, NPEC, LLC v. Gregory R. Miller.*" (Emphasis added.).

¶5 Miller may assume that the consolidation of *NPEC v. Miller* with the 2017 lawsuit revived his right to appeal the district court's 2015 and 2016 orders, notwithstanding this court's dismissal of his first appeal with prejudice. However, accepting that contention would allow Miller to avoid the dismissal of his first appeal with prejudice, as well as any consequences of the contempt that resulted in that dismissal. Instead, as NPEC correctly states, "the issue in this appeal is whether the law of the case—and more specifically the 'mandate rule'—precludes Miller from reasserting arguments and challenges to district court rulings that were directly at issue in Miller's prior appeal."

¶6 "The law of the case is a legal doctrine under which a decision made on an issue during one stage of a case is binding in successive stages of the same litigation." *Thurston v. Box Elder County*, 892 P.2d 1034, 1037 (Utah 1995) (quotation simplified). "One branch of the doctrine, often called the mandate rule, dictates that pronouncements of an appellate court on legal issues in a case become the law of the case and must be followed in subsequent proceedings of that case." *Id*. at 1037–38. The mandate rule "binds both the district court and the parties to honor the mandate of the appellate court." *IHC Health Servs., Inc. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 28, 196 P.3d 588. As a result, where a judgment is affirmed, or reversed and remanded, "the [district] court may not permit amended or supplemental pleadings to be framed to try rights already settled." *Utah Dep't of Transp. v. Ivers*, 2009 UT 56, ¶ 12, 218 P.3d 583 (quotation simplified). Thus, our supreme court held in *Ivers* that the district court erred by allowing a party to amend its pleadings on remand after its first appeal in an effort to avoid the directions of the appellate court.

> The mandate rule, unlike the law of the case before a remand, binds both the district court and the parties to honor the mandate of the appellate court. The mandate is also binding on the appellate court should the case return on appeal after remand.

*IHC Health Servs.*, 2008 UT 73, ¶ 28.

¶7   Miller argues that the mandate rule is inapplicable here because this court dismissed his first appeal without addressing the merits of any of his appellate arguments. Thus, he would have this court construe the mandate rule as a variety of claim or issue preclusion applicable only to a ruling on the merits. This would nullify any effect of the dismissal of his first appeal with prejudice by allowing him to reassert, in the 2017 lawsuit and his second appeal, the dismissed claims from his first appeal.

¶8   The decision in *Lewis v. Nelson*, 2017 UT App 230, 409 P.3d 149, applied the mandate rule to a second appeal after this court's rejection of a claim in the first appeal in the same case based upon inadequate briefing and without reaching its merits. *Id.* ¶ 10. This court did not address the merits of the claim in the first appeal that the district court erred in denying the appellant's first motion to amend his answer to add a counterclaim. *Id.* But this court ultimately reversed the summary judgment in the first appeal on other grounds and remanded for further proceedings. *Lewis v. Nelson*, 2015 UT App 262, ¶ 17, 366 P.3d 848. Nelson asked the newly assigned judge to review the originally assigned judge's denial of the first motion to amend. *Lewis,* 2017 UT App 230, ¶ 7. The opposing party argued that this court's decision in the first appeal declining to consider the same challenge as inadequately briefed should preclude its consideration in proceedings on remand. *Id.* ¶ 8. The district court agreed. *Id.*

¶9   In the second appeal in *Lewis*, this court concluded that the mandate rule precluded consideration of a claim of error regarding the denial of the first motion to amend. *Id.* ¶ 10.

Noting that this court had "disposed of this argument because it was inadequately briefed," this court concluded that "the law of the case doctrine precludes us from addressing this argument anew." *Id.* Thus, we applied the mandate rule in the second appeal based upon this court's ruling in the first appeal that it would not consider an inadequately briefed claim. Accordingly, application of the mandate rule is not limited to claims that were resolved on the merits in an earlier appeal.

¶10 This court's November 18, 2016 order disposed of Miller's first appeal of the 2015 and 2016 orders in *NPEC v. Miller* by dismissing it with prejudice. Miller could not revive those claims by reasserting them in the 2017 lawsuit or by reason of a consolidation of the 2017 lawsuit with the ongoing enforcement proceedings in *NPEC v. Miller*. The district court and this court are bound by the law of the case and are precluded from reviewing claims previously dismissed with prejudice.

¶11 Miller also attempts to claim that his second appeal falls within an exception to the mandate rule.

> There are three exceptional circumstances in which the law of the case doctrine does not apply: (1) when there has been an intervening change of controlling authority; (2) when new evidence has become available; or (3) when the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice.

*IHC Health Servs. Inc.*, 2008 UT 73, ¶ 34 (quotation simplified).

¶12 Miller has not demonstrated any change in the law or any new evidence that would satisfy these exceptions. Although Miller believes that it is manifestly unjust to enforce the Agreement to prevent or sanction his actions to malign his former employer and its principal, his arguments are essentially based upon his claim that the Agreement he entered into with NPEC is void. Those claims were dismissed with prejudice in the

first appeal, and this court is precluded from considering those arguments in his second appeal by reason of the law of the case doctrine. And this court is not "convinced" that our "prior decision was clearly erroneous and would work a manifest injustice." *Id.* (quotation simplified).

¶13    Accordingly, we affirm.

————