IN THE UTAH COURT OF APPEALS

----ooOoo----

Oscar Mercado and Maricela Quispe,    )     MEMORANDUM DECISION
)
     Plaintiffs and Appellants,    )     Case No. 20100627-CA
)
v.    )
)     F I L E D
Lindsey Hill and Diamond Line    )     (February 16, 2012)
Delivery System,    )
)     2012 UT App 44
     Defendants and Appellees.    )

-----

Fourth District, Provo Department, 070403371
The Honorable Claudia Laycock

Attorneys:     S. Austin Johnson, Orem, for Appellants
              Terry M. Plant and Jeremy M. Seeley, Salt Lake City; and Richard K.
              Glauser, Sandy, for Appellees

-----

Before Judges Voros, Orme, and Davis.

VOROS, Associate Presiding Judge:

¶1      Plaintiffs Oscar Mercado and Maricela Quispe appeal from the trial court's grant of summary judgment in favor of Defendants Lindsey Hill and Diamond Line Delivery System, the court's denial of Plaintiffs' motion for a new trial or to alter or amend the summary judgment in favor of Diamond Line, and the court's denial of a motion to quash or withdraw admissions. We affirm.

¶2      Plaintiffs were involved in a traffic accident in February 2007. They sued Defendants in November 2007, alleging negligence. Plaintiffs challenge a series of rulings that resulted from the failure of their counsel to respond to requests for admissions. Plaintiffs' counsel's nonresponsiveness was representative of his approach to the litigation below. As accurately summarized by Hill, Plaintiffs' counsel failed to engage in discovery without court intervention or to respond to Defendants' various requests and motions:

> [P]laintiffs failed to hold an attorney's planning meeting in violation of Rule 26 [of the Utah Rules of Civil Procedure], failed to prepare a Case Management Order in violation of Rule 26, failed to timely serve Initial Disclosures in violation of Rule 26, failed to answer interrogatories in violation of Rule 33, failed to timely respond to requests for production of documents in violation of Rule 34, . . . failed to respond to Requests for Admissions as required by Rule 36, failed to respond to a motion for summary judgment as required by Rules 7 and 56, and failed to respond to [other discovery requests].

¶3      Both Defendants served requests for admissions on Plaintiffs in early September 2009. Included were requests to admit that Defendants were not at fault, that Plaintiffs were at fault, and that Plaintiffs suffered no significant injuries. Plaintiffs' counsel did not respond to the requests, which were therefore deemed admitted. *See* Utah R. Civ. P. 36 (providing that failure to respond within thirty days renders the requested admissions "conclusively established").[1]

¶4      Defendants each moved for summary judgment in October 2009. Plaintiffs' counsel did not respond to Hill's motion and filed a late response to Diamond Line's motion. The response offered a cursory challenge to the admissions and requested more time to respond, but did not include any affidavits or other evidence. On the basis of the admissions, the trial court granted Defendants' motions for summary judgment

---

[1]Rule 36 of the Utah Rules of Civil Procedure has since been amended to shorten the response time to twenty-eight days, but the amendment only applies to cases filed on or after November 1, 2011.

in December 2009. After the court granted summary judgment against Plaintiffs, but before the court entered an order of dismissal, Plaintiffs' counsel filed an affidavit with a renewed request to continue the period to respond to the motions for summary judgment, which the court interpreted as a Rule 60(b) motion for relief. Plaintiffs' counsel also submitted a number of filings challenging the summary judgment rulings and the court's reliance on the admissions, including a motion to quash or withdraw the admissions and an untimely objection to Hill's proposed summary judgment order.

¶5 Plaintiffs' counsel blamed his failure to adequately respond to the summary judgment motions on a series of office moves. Plaintiffs' counsel moved offices multiple times throughout 2009; the court later identified seven different addresses for him. Plaintiffs' counsel repeatedly failed to inform the court and opposing counsel of his address changes. At times, Plaintiffs' counsel would place multiple addresses at the heading of his court filings or list addresses that it later appeared he was no longer using for his office.

¶6 In January 2010, the court entered an order dismissing the case against Diamond Line. In February 2010, Plaintiffs' counsel filed a belated response to both Defendants' requests for admissions from September 2009, as well as a Rule 59 motion for a new trial or to alter or amend the summary judgment ruling. The court denied all of Plaintiffs' pending motions and entered judgment in favor of Hill in June 2010. Plaintiffs appealed.[2]

¶7 In their opening brief on appeal, Plaintiffs challenge the trial court's grant of summary judgment in favor of Defendants, the court's denial of their Rule 59 motion for new trial or to alter or amend the summary judgment ruling in favor of Diamond

---

[2]On appeal, Plaintiffs' counsel has shown similar disregard for procedural rules. He repeatedly failed to serve papers on Defendants. His opening brief was submitted a day late and had to be twice lodged (rather than filed) with the court due to the brief's deficiencies under the Utah Rules of Appellate Procedure. Plaintiffs' counsel also failed to meet the deadline for the reply brief, despite having received an extension. When the reply brief was submitted, it was lodged due to deficiencies, and Plaintiffs' counsel was given five days to correct it. He submitted a revised brief three weeks late. However, because he did not request any extension—even after having been notified by the clerk of the court of the necessity of doing so—we disregard the reply brief.

Line, and the court's denial of the motion to quash or withdraw the admissions. Plaintiffs also challenge the findings of fact which resulted from the admissions.

¶8     The focus of Plaintiffs' brief is on the denial of the motion to quash or withdraw the admissions. Rule 36 of the Utah Rules of Civil Procedure provides that when a request for admissions is served, "the matters shall be deemed admitted unless said request is responded to within 30 days after service of the request or within such shorter or longer time as the court may allow." Utah R. Civ. P. 36(a)(1)–(2). "The rule does not say the court *may* admit the matter—it says '[t]he matter *is* admitted.' By simple operation of Rule 36(a), parties who ignore requests for admissions do so at their peril." *In re E.R.*, 2000 UT App 143, ¶ 11, 2 P.3d 948 (alteration in original) (quoting Utah R. Civ. P. 36(a)(2)). Once the requests have been deemed admitted, a party may move to amend or withdraw the admissions. *See* Utah R. Civ. P. 36(b). "The trial court has discretion to deny a motion to amend [or withdraw admissions], but its discretion to grant such a motion comes into play only after the preliminary requirements [of Rule 36] are satisfied." *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1061 (Utah 1998); *see also* Utah R. Civ. P. 36(b) (requiring parties to establish that no prejudice to the requesting party would result and that the merits of the action would be served by withdrawal or amendment before the trial court may grant the motion). "Decisions placed within the discretion of the trial court can be reversed only upon a finding of abuse of discretion, i.e., if there is no reasonable basis for the decision." *Langeland*, 952 P.2d at 1061.

¶9     Plaintiffs' brief discusses at length the prerequisites of Rule 36 that must be met before a court may *grant* a motion to withdraw admissions. Yet the brief does not address why it was an abuse of discretion for the trial court to *deny* the motion to withdraw admissions. Moreover, the brief ignores the procedural context of the admissions dispute, approaching the appeal as if Plaintiffs' counsel had simply responded a day or two late to the request for admissions and the litigation had otherwise moved along in a timely fashion. The brief goes so far as to call the requests for admissions "a trick" and allege that they were served in bad faith.[3]

---

[3]Plaintiffs also suggest that refusal to permit withdrawal of the admissions constituted an abuse of discretion because the admissions were served after the deadline for fact discovery had passed. The trial court rejected this argument below

(continued...)

¶10    Plaintiffs have fallen short of showing that there is "no reasonable basis for the decision." *See Langeland*, 952 P.2d at 1061. Defendants resorted to requests for admissions only after the repeated failure of Plaintiffs' counsel to respond to other forms of discovery. As the supreme court has reminded litigants, "Requests for admission must be taken seriously, and answers or objections must be served promptly. The penalty for delay or abuse is intentionally harsh, and parties who fail to comply with the procedural requirements of rule 36 should not lightly escape the consequences of the rule." *Id.* Rather than promptly objecting, Plaintiffs' counsel ignored the requests and did not seriously challenge the admissions until after the court had granted summary judgment. Given Plaintiffs' counsel's pattern of inaction, delay, nonresponsiveness, and failure to notify the court and opposing counsel of multiple address changes, we see no abuse of discretion in the trial court's denial of the motion to quash or withdraw the admissions.

¶11    Plaintiffs have inadequately briefed the remaining challenges to the court's orders and findings. "An issue is inadequately briefed when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *State v. Sloan*, 2003 UT App 170, ¶ 13, 72 P.3d 138 (citation and internal quotation marks omitted). Plaintiffs' brief does set forth the legal standards governing the challenges to summary judgment, the court's denial of the Rule 59 motion, and the findings of fact. But it contains no more than one short paragraph applying these standards for each challenge. Furthermore, the argument portion of the brief contains no citations to the record as required by Rule 24 of the Utah Rules of Appellate Procedure. *See* Utah R. App. P. 24(a)(9). "A party may not rely on this Court to make his arguments for him." *Rorke v. Savory Energy LP*, 677 N.W.2d 45, 51 (Mich. Ct. App. 2003). We therefore decline to reach the merits of Plaintiffs' remaining challenges.

---

[3](...continued)
because all parties had continued at least some discovery beyond the deadline, the trial court had entered an amended discovery order that it effectively interpreted as retroactively extending the deadline, and Plaintiffs' counsel failed to object to either the requests or the proposed scheduling order until after summary judgment was granted. In light of the fact that "trial courts have broad discretion in matters of discovery," *see Gardner v. Board of Cnty. Comm'rs*, 2008 UT 6, ¶ 51, 178 P.3d 893, Plaintiffs have not demonstrated that the court abused its discretion in this regard.

¶12    Affirmed.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶13    WE CONCUR:

_____
Gregory K. Orme, Judge

_____
James Z. Davis, Judge