2016 UT App 127

# THE UTAH COURT OF APPEALS

TRACI CRAWFORD FORD,
Appellee,
*v.*
PAUL JAMES FORD,
Appellant.

Memorandum Decision
No. 20141040-CA
Filed June 23, 2016

Fifth District Court, St. George Department
The Honorable Jeffrey C. Wilcox
No. 084500221

Robert A. Winsor, Attorney for Appellant

N. Adam Caldwell and Stephen R. Schwendiman,
Attorneys for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this
Memorandum Decision, in which JUDGES STEPHEN L. ROTH and
KATE A. TOOMEY concurred.[1]

GREENWOOD, Senior Judge:

¶1 Paul James Ford (Ford) appeals the district court's order imposing sanctions for his failure to respond to his ex-wife Traci Crawford Ford's—now Traci Tun (Tun)—discovery requests. We affirm.

¶2 Ford and Tun divorced in 2008. At that time, Ford was making "a substantial amount of money," and the divorce

---

1. Senior Judge Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

decree required Ford to pay Tun monthly child support. In 2012, Ford filed a motion to modify child support, property distribution, and visitation, claiming his income had significantly declined. Tun responded and filed an ex parte motion for an order to show cause, claiming Ford had not paid child support as ordered. The district court issued an order to show cause. However, due to various continuances, no hearing occurred until June 2014. In anticipation of the June hearing on the two motions, Ford served Tun with discovery requests in April 2014. Tun timely responded to those requests and served Ford her own discovery requests. Ford ignored Tun's requests. Tun sent Ford a letter reminding him of the requests and extending the time frame within which he could respond before she would file a motion "seeking to have [his] pleadings stricken" as a sanction under rule 37 of the Utah Rules of Civil Procedure. Ford did not respond, and Tun filed a motion to strike Ford's pleadings.

¶3     The district court conducted an evidentiary hearing on June 26, 2014, and first addressed Tun's motion to strike. Ford argued he had ignored Tun's requests because she had submitted them "outside of the time allowed by the Rules of Civil Procedure" and had not requested an extension from the district court and because Tun was only allowed ten requests for admission under rule 26, not the twelve she submitted.[2] The

---

2. Rule 26(c)(5) of the Utah Rules of Civil Procedure governs standard fact discovery and provides that suits claiming amounts in controversy between $50,000 and $300,000 are limited to ten requests for admission. Utah R. Civ. P. 26(c)(5). Rule 26(b)(2) explains that discovery requests are proportional, however, if they meet a number of criteria, including (1) reasonability considering the needs of the case, the amount in controversy, and the importance of the discovery in resolving the issues; (2) the benefit of the discovery when compared with the burden or expense it imposes; and (3) its furtherance of a "just, speedy and inexpensive determination of the case," among

(continued…)

district court asked Ford, "How can [Tun] prepare for your . . . presentation when [s]he's been denied discovery?" Ford told the court, "That's a valid point," but that the court could "continue the case" in light of the fact that he had not responded. The court then asked Ford if he would still argue that his failure to respond was appropriate "[e]ven though [Tun] responded to your discovery that was earlier this year after fact discovery closed?" Ford replied, "You're right," but that Tun could have argued "the same." Ford argued that because "[s]tandard fact discovery has been closed, [he did not] necessarily need to respond." The district court then offered Ford a solution: rather than strike Ford's pleadings as a sanction per Tun's request, it would instead "consider a continuance if [he would pay Tun's] attorney's fees that were expended in seeking discovery and preparing for trial today" and if he would respond to Tun's discovery requests. Ford declined. The court then struck Ford's pleadings without prejudice, including his motion to reduce his child support payments, and proceeded to consider evidence on Tun's order to show cause. In so doing, the district court held that Tun's twelve requests for admission were deemed admitted.

¶4    Ford appeals the district court's order, contending first that the district court erred when it required him to respond to Tun's discovery requests, and second that the district court's choice of sanction was "harsh given the facts of the case." "We review discovery rulings for an abuse of discretion." *Dahl v. Harrison*, 2011 UT App 389, ¶ 11, 265 P.3d 139. "An abuse of discretion may be demonstrated by showing that the district court relied on an erroneous conclusion of law." *Kilpatrick v. Bullough Abatement, Inc.*, 2008 UT 82, ¶ 23, 199 P.3d 957 (citation and internal quotation marks omitted). Furthermore, we grant the district court "a great deal of deference in selecting discovery

_____

(…continued)
other things. *Id*. R. 26(b)(2). A district court "has broad discretion in deciding whether a discovery request is proportional." *Id*. advisory committee notes.

sanctions" and will "overturn a sanction only in cases evidencing a clear abuse of discretion." *Kilpatrick*, 2008 UT 82, ¶ 23.

¶5 Ford first claims that he had no obligation to respond to Tun's discovery requests, because the number of Tun's discovery requests exceeded the number of requests allowed under rule 26(c)(5) of the Utah Rules of Civil Procedure and also because her requests were served late. Tun responds that "the Utah Rules of Civil Procedure obligate [Ford] to provide the discovery" and that if he found Tun's requests deficient in some way he should have objected or moved for a protective order "rather than simply remain silent." Because "there was no way for [Tun] to sufficiently present her case without the requested information," Tun contends that the district court properly determined that Ford "was obligated to produce the requested discovery" or respond in writing.

¶6 Rule 36 of the Utah Rules of Civil Procedure requires parties to respond to requests for admission within twenty-eight days. *See* Utah R. Civ. P. 36(b)(1). It provides that a "matter is deemed admitted unless, within 28 days after service of the request, the responding party" responds in writing. *Id*. It further provides that, unless a party "objects to a matter, the party *must* admit or deny the matter or state in detail the reasons why the party cannot truthfully admit or deny." *Id*. R. 36(b)(2) (emphasis added). And "[a]ny reason [for objection] not stated is waived unless excused by the court for good cause." *Id*. R. 36(b)(3). As we have previously noted, "[t]he rule does not say the court *may* admit the matter—it says [t]he matter *is* admitted. By simple operation of Rule 36(a), parties who ignore requests for admissions do so at their peril." *Mercado v. Hill*, 2012 UT App 44, ¶ 8, 273 P.3d 385 (second alteration in original) (citation and internal quotation marks omitted). By way of further explanation, under rule 36, "[o]nce the requests have been deemed admitted, a party may move to amend or withdraw the admissions." *Id*. Thus, "the trial court has discretion to deny a motion to amend [or withdraw admissions], but its discretion to

grant such a motion comes into play only after the preliminary requirements [of Rule 36] are satisfied." *Id*. (alterations in original) (citation and internal quotation marks omitted).

¶7    Accordingly, the district court did not err when it determined that Ford was required to respond to Tun's requests for admission. Indeed, it did not have discretion to rule otherwise. Here, Ford chose to ignore Tun's discovery requests because he believed that they were "not proportional to the case" and because they were "8 months late." If Ford wished to challenge Tun's requests, he was required to object in writing. *See* Utah R. Civ. P. 36(b)(3). Alternatively, Ford could have moved the court to amend or withdraw the newly admitted material once it was deemed admitted. *See Mercado*, 2012 UT App 44, ¶ 8. He did not. And Ford's argument that the untimeliness of Tun's discovery requests provided him with good cause not to respond was not persuasive to the district court. As the court noted, Ford himself had served untimely discovery requests on Tun, requests to which she responded. The district court also noted that Ford's failure to respond put Tun at an unfair disadvantage in preparing for trial.[3] Thus under the circumstances the district court acted well within its authority in concluding that Ford was obligated to respond to Tun's discovery requests.

¶8    Ford next argues that the district court abused its discretion when it sanctioned him "for not responding to discovery that was not allowed by the Rules" by striking his pleadings and deeming the requests for admission to be admitted. Ford asserts that the sanctions are unduly harsh. Tun replies that it was appropriate for the district court "to impose

---

3. On appeal, Ford does not argue that the district court abused its discretion when it failed to find good cause for Ford's refusal to respond to Tun's requests for admission. Nevertheless, for the reasons stated above, we do not believe the district court abused its discretion in so deciding.

[upon Ford] any sanction it desired under Rule 37" because he failed to respond to her requests.[4]

¶9 At trial, the district court offered Ford a choice: it would grant him a continuance with time to respond to the discovery requests if Ford would pay Tun's attorney fees "expended in seeking discovery and preparing for trial." Alternatively, it would grant Tun's motion and strike Ford's pleadings. Ford rejected the court's offer, and the district court struck Ford's pleadings without prejudice and, in accordance with rule 36, deemed Tun's requests for admission admitted. *See supra* ¶¶ 6–7.

¶10 When discovery requests are outstanding, "[f]ailure to respond in the appropriate time frame may subject the noncomplying party to sanctions under Rule 37." *Tuck v. Godfrey*, 1999 UT App 127, ¶ 27, 981 P.2d 407. Rule 37(b) authorizes the court—upon motion and within its discretion—to "strike all or part of the pleadings," "deem the matter or any other designated facts to be established in accordance with the claim or defense," and[5] "order the party or the attorney to pay the reasonable costs,

---

4. The parties' arguments are based upon the pre-2011 versions of rules 26 and 37 of the Utah Rules of Civil Procedure. Our analysis, likewise, applies the pre-2011 rules.

5. While rule 37(b) uses the conjunctive "and" when identifying the panoply of sanctions available to a district court, we note that the disjunctive "or" is also applicable to an interpretation of what sanctions the court may impose, i.e., because the statute uses the term "and," the court "may impose" all of the sanctions available to it within its discretion; it may also impose only one sanction or its choice of sanctions, depending on the facts and circumstances of the case. Utah R. Civ. P. 37(b); *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 35 n.29, 215 P.3d 933 (explaining that rule 37 "allows for either the exclusion of the untimely disclosure or any other sanctions authorized by Subdivision (b)(2). Other available sanctions include order[ing] the [non-

(continued…)

expenses, and attorney fees, caused by the failure [to respond].” Utah R. Civ. P. 37(b)(1), (4), (5). And district courts have “broad discretion in selecting and imposing sanctions for discovery violations.” *Tuck*, 1999 UT App 127, ¶ 15 (citation and internal quotation marks omitted). Furthermore, “[a]ppellate courts may not interfere with such discretion unless abuse of discretion is clearly shown.” *Id*. “A trial court’s abuse of discretion in selecting which sanction to impose may be shown only if there is either an erroneous conclusion of law or no evidentiary basis for the trial court’s ruling.” *Id.* (citation and internal quotation marks omitted). We have already determined that the district court did not err in concluding that Ford violated rule 36 of the Utah Rules of Civil Procedure. We now examine whether the district court exceeded its discretion by imposing the sanctions it chose.

¶11    The facts of this case support the district court’s choice of sanctions. After the close of fact discovery, Ford himself served Tun with untimely discovery requests. She responded to them and sent Ford her own discovery requests, which he ignored. She sent Ford a letter offering him more time to respond and informed him that she would file a motion to strike if he did not respond. He still chose not to respond. Tun filed her motion to strike. At the hearing on the matter and after Ford explained to

---

(…continued)
compliant] party or the attorney to pay the reasonable expenses, including attorney fees, caused by the failure.” (alterations in original) (citations and internal quotation marks omitted)); *see also Morton v. Continental Baking Co.*, 938 P.2d 271, 276 (Utah 1997) (indicating that “a party’s conduct merits sanctions under rule 37 if *any* of the following circumstances are found:” (1) willfulness; (2) bad faith; (3) some fault; or (4) persistent dilatory tactics (emphasis added) (citations omitted)); *Tuck v. Godfrey*, 1999 UT App 127, ¶ 21, 981 P.2d 407 (“In sum, once the threshold determination is made, sanctions are warranted, and the choice of sanctions is the responsibility of the trial judge.”).

the court that he did not respond in part because Tun's requests were not timely, the court noted that Ford had made untimely requests to which Tun had responded. The court offered Ford the opportunity to rectify his decision with a continuance if he provided the requested discovery and agreed to pay Tun's attorney fees. Ford declined. The district court then struck Ford's pleadings—without prejudice—in accordance with rule 37 of the Utah Rules of Civil Procedure and deemed Tun's requests for admission admitted in accordance with rule 36. Thus, there was an evidentiary basis for the district court's choice of sanctions in this case.

¶12   Under these circumstances, the district court's choice of sanctions was also not "harsh," as Ford claims. But even if it were "harsh," a district court may impose a harsh sanction on a party and still not abuse its discretion. *Wright v. Wright*, 941 P.2d 646, 650 (Utah Ct. App. 1997) ("[A]s the Utah Supreme Court emphasized . . . , although some of Rule 37's discovery sanctions are harsh and extreme, . . . we will not interfere with the trial court's imposition of discovery sanctions . . . , unless [an appellant] clearly shows the trial court abused its discretion."). Here, the district court did not abuse its discretion by striking Ford's pleadings without prejudice after Ford failed to respond to Tun's requests for admission when Tun had responded to Ford's own untimely requests for admissions and when the district court offered Ford a way out—which he refused to take.

¶13   We conclude that the district court acted within its discretion when it found that Ford had an obligation to respond to Tun's discovery requests and when it imposed sanctions on Ford for his failure to respond to those requests. Accordingly, we affirm the district court's decision.

————————